I concur.
J. Johnston.
Johnson, Ch.
By an order of this Court, the question here raised, whether a bill would lie in Chancery for the specific delivery of a slave was referred to the Court of Errors, and that Court have decided, that such a bill may be maintained; it only remains to notice the other grounds, which have been urged here in support of the Circuit Court decree.
The first is, that Robert Young ought to have been a party to this bill.
. That was the precise question, on the appeal from the judgment of the Circuit Court, of June Term, 1839, and it was ruled, that it was not necessary to make him a party; and right or wrong, that is the law of the case.
Conceding the correctness of the rule laid down by the Court of Errors, that generally, a bill lies for the specific delivery of slaves, yet it is insisted that there may be exceptions according to the principles of the rule. As where, .(as might well happen,) the slave might have a special and peculiar value to the party in possession, and not to the rightful owner, and the case of Geiger vs. Brown, is referred to as. an example. There the defendant had purchased a femqle slave from one whom he supposed had the right to sell. He had possession of her for some fifty years, in the mean time she had numerous children and grand children, who had been raised and identified, with his family, and yet upon the termination of a life estate, after so long aperiod, it was held, that the plaintiff-was entitled to recover. It has been suggested too, that a party might desire the possession of a slave for immoral or improper *273 purposes, and it is asked, whether the Court, under these circumstances, would decree a specific delivery.
I am not prepared to say, that exceptions, in these cases, and perhaps others, ought not to be allowed, but do not feel called on to decide it here. The claims of the complainant to the right of possession, are, at least, on a footing of equality with those of the defendant, and the general rule must take its course. The merits of the case, arising out of the rights of the parties, have also been the subject of discussion; with regard to these, the Court, after a careful examination of the evidence, concur in the opinion expressed in the Circuit Court decree, that a partition of the slaves, mentioned in the bill, was made between the parties, and that the slaves in controversy, were allotted to the complainant, as stated in the bill, and that complainant is entitled to recover them.
It is, therefore, ordered and decreed, that the defendant do deliver up the slave Joice, (mentioned in the pleadings) to the complainant or his agent, on notice of this decree, and that he account for her hire, as also the hire of Harry, and one half the hire of Frank, (other slaves also mentioned in the bill,) during the time they were in his possession, she and her increase ; and that the commissioner adjust the inequality in value, stated in the bill to have existed in the partition make of the slaves.
DAVID JOHNSON.